AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Michael NOLTING | ) | Case No. 14- 153M |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __08/15/2014__ in the county of __New Castle__ in the _____ District of __Delaware__, the defendant violated __18__ U.S.C. § __922(a)(6)__, an offense described as follows:

the defendant, from on or about July 10, 2014, through August 15, 2014, in connection with the acquisition of seven firearms from licensed firearms dealers, did make false statements intended to deceive the dealers with respect to a fact material to the sales, that is, the defendant stated that he was the purchaser and that he was not a drug user, when, in fact, the defendant well knew that he was straw purchasing the firearms for another person(s), and that he was a heroin user.

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

TFO Christopher W. Popp
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 10/30/2014

_Judge's signature_

City and state: Wilmington, DE

Honorable Sherry R. Fallon
_Printed name and title_

FILED 2014 OCT 30 PM 12:24 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

I, Christopher W. Popp, TFO (Task Force Officer), being duly sworn, depose and state that:

1. I am a sworn member of the Delaware State Police and have been such since October 16, 1998. I have been assigned to the ATF as a Task Force Officer in Wilmington, Delaware for approximately 2 years.

2. As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco and Firearms, including but not limited to the regulation and sales of firearms by Federally Licensed Firearms Dealers, and other laws enforced by the Bureau of Alcohol, Tobacco and Firearms.

3. I have been involved in the investigation of approximately 100 cases involving firearms violations at the State and Federal level. I have participated in the seizure of approximately 1000 firearms and thousands of rounds of ammunition. I have attended training provided by the ATF, FBI, DEA, US Attorney's Office, Delaware State Police, and local police departments reference firearm investigations.

4. Based on my training, experience, and participation in ATF investigations and trainings involving Federally Licenses Firearm Dealers, "straw purchasers," unlicensed firearms dealers and narcotic traffickers, I know that:

    a. It is common for "straw purchasers" of firearms to utilize persons who do not have felony convictions or are not prohibited from purchasing firearms to purchase firearms illegally;

    b. It is required for Federal Firearms Licenses, pursuant to Title 18 United States Code 923, to maintain records of firearms inventories and sales in an Acquisition and Disposition Book:

    c. It is required by Federal Law that Licensed Firearms Dealers request that the National Instant Check System (NICS) to conduct criminal background checks on purchasers of handguns, prior to the sale of firearms;

    d. It is required for Federal Firearms licensees to have the purchaser of a firearm execute an ATF F 4473 form. The purchaser is required to fill out Section A of the form listing his name, address, date of birth, place of birth, height, weight, race, and gender and certify that he is not prohibited from possessing a firearm and certify that he is the actual buyer of the firearm.

5. I am the Task Force Officer assigned to the investigation described herein.

6. On September 16th, 2014, Federal Firearms Licensee X-Ring Supply, advised Michael NOLTING, white male, responded into the store, with a 20 year old female and attempted to purchase a firearm making statements that it was for her. X-Ring Supply stated, NOLTING, who had purchased firearms in the past from them, had been in on September 14th, 2014 and completed a 4473 to purchase a Taurus .380caliber pistol. Unknown to the store employee, NOLTING was put on delay and eventually denied.

7. On September 17th, 2014, TFO Popp obtained copies of ATF Form 4473 and copies of receipts showing NOLTING had purchased 4 firearms from Federal Firearms Licensee X-Ring Supply from July 10th, 2014 to August 15th, 2014, spending a total of $1290.90 on the firearms and ammunition. NOLTING purchased: a Norinco 9mm pistol, on July 10th, 2014; a Taurus .380 caliber pistol, on July 31st, 2014; a Glock .40 caliber pistol, on August 13th, 2014; and a Ruger 9mm pistol, on August 15th, 2014. NOLTING completed the required ATF F4473 form for each of the above purchases.

8. Your affiant also determined that NOLTING purchased the following three firearms from Federal Firearms Licensee Miller's Gun Center: a Ruger .40 caliber pistol, on July 18th, 2014; a Bersa .380 pistol, on August 6th, 2014; and a MPA 9mm pistol, on August 7th, 2014. NOLTING completed the required ATF F4473 form for each of the above purchases.

9. On September 18, 2014, TFO Popp and S/A Iardella initially interviewed NOLTING, during which NOLTING stated all the firearms he had purchased had been stolen from him. While interviewing NOLTING, TFO Popp located a Carbine M1 Rifle in NOLTINGS apartment NOLTING stated he received that rifle from a friend of a friend. Upon closer examination the rifle was seen to have an obliterated serial number. While interviewing NOLTING, TFO Popp obtained verbal consent to search his residence. TFO Popp located a clear zip lock bag with trace amounts of a green leafy substance inside believed to be marijuana next to the bed. TFO Popp located numerous empty heroin blue wax papers used for packaging heroin. NOLTING upon further questioning stated the empty heroin bags in the trash are his and he uses heroin, doesn't consider himself an addict, and only uses 3-4 bags a week to help himself sleep. NOLTING stated he was using heroin and marijuana at the time he completed the ATF 4473's documents to purchase firearms and knowingly stated no to question e – are you an unlawful user, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

10. On September 27th, 2014, the New Castle County Police Department arrested NOLTING in Newark, DE on an arrest warrant for Theft of a Firearm. TFO Popp responded to New Castle County Police Headquarters and interviewed NOLTING. This interview was captured on a DVD recording. In regards to the 7 firearms he purchased starting from July 10th, 2014 through August 15th, 2014, NOLTING stated he realized he could make money by conducting straw purchases of firearms for individuals who wanted them; that after doing it once he was having people contact him for additional purchases; that he would ask the person what they were looking for and research the price of the firearm and charge the buyer additional money for his benefit; and that he would always obtain the money first prior to purchasing the firearm. NOLTING was shown the ATF 4473 form for each purchase and identified his signature on each form. NOLTING stated on each form he knowingly lied, stating he was the purchaser of the firearm and that he was not an unlawful user of a controlled substance, knowing he was a heroin user and the purchase was for someone else.

11. Your affiant has spoken with an ATF Agent trained in the manufacturing of firearms and from her training and experience knows that the firearms referenced in this investigation were not manufactured in the State of Delaware and knows there are no commercial firearm manufacturers located within the State of Delaware. Thus, these firearms possessed in the State of Delaware affect interstate commerce.

12. Your affiant knows that X-Ring Supply and Miller's Gun Center are Federally Licensed Firearms Dealers.

13. Based on the facts set forth in this affidavit and your affiant's experience in investigating violations, it is the belief of the affiant that there is probable cause for the issuance of a Criminal Complaint charging MICHAEL R. NOLTING with the violations of Title 18 United States Code Sections 922(a)(6), making false statements to licensed firearms dealers in the acquisition of firearms. Your affiant respectfully requests that the Court issue a Criminal Complaint charging the offense.

14. Your affiant, having signed this Affidavit under oath, as to all assertions and allegations contained herein, states that its contents are true and correct to the best of his knowledge, information, and belief.

_____
Christopher W. Popp, Task Force Officer